## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JODI BRULIA,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. |
| | : | |
| **PAYCHEX** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

### COMPLAINT

1. Plaintiff, Jodi Brulia, is an adult individual residing at 8966 Pathfinder Rd, Breinigsville, Lehigh County, Pennsylvania.

2. Defendant, Paychex, Inc. is a business entity, organized under the laws of a state other than Pennsylvania, with offices at 911 Panorama Trl S, Rochester, New York 14625-2311.

3. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case arises under federal law, specifically Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

4. All conditions precedent to jurisdiction have occurred, namely, (a) Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the challenged employment action; and (b) the EEOC issued a Right to Sue notice January 5, 2016, and this action is being filed within 90 days of the receipt thereof.

5. The Defendant is an employer within the meaning of 42 U.S.C. §12111 in that it is engaged in an industry that affects commerce and employs more than fifteen (15) employees for each working day in each twenty (20) or more calendar weeks in the current or preceding calendar year.

6. At all relevant times, Plaintiff was an employee of Paychex, Inc. given the title of Account Executive at the time of her hiring on September 22, 2014.

7. On or about January 26, 2015, Plaintiff became disabled and unable to work due to medical problems, specifically that she was having panic attacks.

8. As a result of Plaintiff's disability, she began receiving Short Term Disability that were offered as part of the employee benefit package from MetLife.

9. After appropriate medication and treatment, Plaintiff's physician opined that as of June 1, 2015, that Plaintiff was able to return to work.

10. Upon being released to return to work, Plaintiff contacted Shelly Kaminetsky who works in the staffing department with Defendant.

11. Plaintiff was advised that although Defendant still considered Plaintiff to be an active employee with the company that Plaintiff had until July 8, 2015, to find a position within Defendant's organization or she would be terminated.

12. Between June 1, 2015 and July 8, 2015, Plaintiff looked online and applied for suitable positions.

13. Shelly Kaminetsky also told Plaintiff that she would be on the lookout for appropriate positions.

14. When Plaintiff followed up with Ms. Kaminetsky about her applications, she advised Plaintiff that in fact there were no openings or that the position had been filled.

15. In reality, there were openings in Defendant's Lehigh Valley office for which Plaintiff was qualified that Defendant did not advise Plaintiff about.

16. Days after the July 8, 2015, deadline, Defendant posted a job opening in the Allentown area that would have been suitable for Plaintiff.

17. Defendant did not advise Plaintiff about suitable job openings because the Defendant viewed Plaintiff as a disabled individual who Defendant did not want in its employe.

18. Plaintiff found suitable alternate employment with a different company on November 23, 2015.

## COUNT I: DISABILITY DISCRIMINATION

19. The allegations of Paragraphs 1 through 18 as set forth above are hereby incorporated.

20. At the time of Plaintiff's termination, she was disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 in that she had (A) a physical impairment that substantially limits one or more of the major life activities of such individual; or (B) a record of such an impairment; or (C) was regarded as having such impairment by the Defendant.

21. Defendant is an employer as defined in the ADA, in that it is engaged in an industry that affects interstate commerce, and employs more than 20 employees for each working day in twenty (20) or more calendar weeks in the current or preceding year.

22. Specifically, Plaintiff had suffered panic attacks of which her employer was aware because of her record of taking short term disability leave.

23. At the time of Plaintiff's termination and the failure to rehire, she was qualified to perform her job.

24. The Defendant's decision to terminate and/or failed to be rehire was motivated by or solely because of Plaintiff's disability.

25. As a direct and proximate result of Plaintiff's illegal termination, she has suffered from lost earnings, including lost wages and benefits, and has endured mental pain and suffering due to the stress of losing her job, for which damages are claimed.

26. Defendant's actions were willful, wanton, and deliberate, and Defendant knew or was in reckless disregard over whether its conduct was lawful, entitling Plaintiff to punitive damages, which are hereby claimed.

WHEREFORE, Plaintiff demands that a monetary judgment be entered in her favor, and against Defendant, together with interest, costs of suit, compensatory damages, punitive damages, and reasonable attorney's fees, and that Defendant be ordered to reinstate Plaintiff to her former position, or a comparable position, with Defendant.

Respectfully submitted,
ORLOSKI LAW FIRM

<u>Klo5936 E.D. Sig Code</u>
Kevin L. Orloski, Esq.
Attorney for Plaintiff
Attorney ID No. 90861
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363